FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

DEC 1 5 2022

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| Cara Elizabeth Liberto Dodson |
| --- |
| 9750 Appolds Road |
| Rocky Ridge, Maryland 21778 |

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

| Lutheran Village at Miller's Grant |
| --- |
| 9000 Father's Legacy |
| Ellicott City, Maryland 21042 |

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
   *(check one)*

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Cara Elizabeth Liberto Dodson |
| Street Address | 9750 Appolds Road |
| City and County | Rocky Ridge, Frederick County |
| State and Zip Code | Maryland 21778 |
| Telephone Number | (410) 409-7849 |
| E-mail Address | cara.e.liberto@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Lutheran Village at Miller's Grant |
| Job or Title (if known) | |
| Street Address | 9000 Father's Legacy |
| City and County | Ellicott City, Howard County |
| State and Zip Code | Maryland 21042 |
| Telephone Number | (410) 465-2005 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

Defendant No. 3

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

*(If there are more than three defendants, attach an additional page providing the same information for each additional defendant.)*

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Lutheran Village at Miller's Grant |
| Street Address | 9000 Father's Legacy |
| City and County | Ellicott City, Howard County |
| State and Zip Code | Maryland 21042 |
| Telephone Number | (410) 465-2005 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

_____

☐   Relevant state law *(specify, if known)*:

_____

☐   Relevant city or county law *(specify, if known)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☒   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☐   Unequal terms and conditions of my employment.

☐   Retaliation.

☐   Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

September 2011 through February 2022
_____

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me.

☒   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race _____

☐   color _____

☐   gender/sex _____

☒   religion  Christianity _____

☐   national origin _____

☐   age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Please see attached document.

_____

_____

_____

_____

_____

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

02/13/2022

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*
09/28/22                                                                                    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

6

V.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am seeking $75,000 for compensation of lost wages, violation of civil rights, time and costs associated with the lawsuit, and for any mental, physical and emotional suffering throughout the entire process. For additional information, please refer to attached documents.

7

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Dec. 04, 2022

Signature of Plaintiff

Printed Name of Plaintiff   Cara Elizabeth Liberto Dodson

(410)409·7849   9750 Appolds Road
Rocky Ridge, MD 21778

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

Telephone Number   _____

E-mail Address   _____

8

The Plaintiff, Cara Elizabeth Liberto Dodson, sues the Defendant Lutheran Village at Miller's Grant. In support, the Plaintiff states as follows:

1. Plaintiff Mrs Cara Elizabeth Liberto Dodson resides at 9750 Appolds Road, Rocky Ridge, Maryland.

2. Defendant Lutheran Village at Miller's Grant resides at 9000 Fathers Legacy, Ellicott City, MD 21042 in Howard County, Maryland.

3. This discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

4. On 02/13/2022, a Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination. On 9/28/2022 a Notice of Right to Sue letter was issued by the EEOC to the Plaintiff, a copy of which is attached hereto as Exhibit "A".

5. The Plaintiff, Cara Elizabeth Liberto Dodson, born 1993, was employed by The Defendant, Lutheran Village at Miller's Grant at 9000 Fathers Legacy, Ellicott City, MD 21042 in Howard County, Maryland from the years of 2018-2022. When

the outbreak of COVID-19 occurred in the year 2020, the Defendant alongside other skilled nursing facilities (SNFs) issued policies regarding the spread of the COVID-19 virus. By federal law, companies are required to provide accommodations to their employees for their sincerely held religious beliefs, as stated in *Section 12: Religious Discrimination* in the EEOC guidance page, "Title VII requires employers to accommodate those religious beliefs that are "sincerely held."

6. The Lutheran Village at Miller's Grant had previously granted The Plaintiff's religious exemptions for the Influenza vaccination and COVID-19 vaccine policies in 2020 based on The Plaintiff's sincerely held religious conviction. The Plaintiff provided the Lutheran Village at Miller's Grant documents that supported her sincerely held religious beliefs. Documentation provided included signed statements from The Plaintiff's religious leadership and other members of her religion validating and supporting her belief a copy of which is attached hereto as Exhibit "B". The Defendant granted The Plaintiff's request, allowing her to work with accommodations as per Maryland Amended Directive and Order Regarding Vaccination Matters, Pursuant to Health General Article §§ 18-102, 18-103, 18-109 and COMAR 10.06.01.06, MDH No. 2021-08-18-01, page 4, section C which states that:

*"Staff that fail to show proof of full vaccination **shall be subject to mandatory minimum of COVID-19 testing once a week and will be required to wear appropriate personal protective equipment,** as determined by each facility's management, in consultation with the relevant federal and state guidance, while on the facility's premises."*

7.  The Plaintiff happily obliged to these accommodations. At the beginning of the COVID-19 outbreak in 2020, various other staff members in the Plaintiff's field of employment, including those employed by the Defendant took a leave of absence from their employment due to the risk of being infected by the COVID-19 virus, despite being vaccinated when the vaccination became available. During that time, The Plaintiff stayed to support the remaining team members and residents at the Lutheran Village at Miller's Grant, providing the patients essential medical care needed for improved independence and quality of life.

8.  In September 2021, the Defendant, Lutheran Village at Miller's Grant, sent out another policy stating that all staff were required to get the COVID-19 vaccination. Once again, The Plaintiff provided The Defendant with documentation that supported her sincerely held religious beliefs. Documentation The Plaintiff provided included signed statements from my religious leadership and other members of my religion validating and supporting her belief. As The Plaintiff continued to work for the Defendant for the next few months, she never received a response from either her manager or the HR staff pertaining to her second request for Religious Accommodation. At the same time, The Plaintiff noticed that her scheduled working hours were slowly decreasing, despite her requests to The Defendant for extra work. Instead of addressing The Plaintiff's accommodation request, The Defendant was retaliating against her for requesting Religious Accommodation by decreasing her scheduled hours of employment, and consequently decreasing her wages as well.

9. It wasn't until months later when The Plaintiff requested an update regarding her Religious Accommodation request that she received a letter from The Defendant through the Lutheran Village at Miller's Grant Vice President of Human Resources stating:

*"Dear Cara Dodson:*

*We have received your request for an exemption from receiving the COVID-19 vaccines and the annual influenza vaccine because of your strongly held religious belief. An evaluation of your position with LSMMD has been conducted, including the close contact you may have with fellow team members and medically vulnerable residents in the course of your work.*

*After careful consideration, we have determined that granting you an exemption from COVID-19 vaccinations and the annual influenza vaccine could create a higher risk of the spread of COVID-19 to residents and team members. This poses an undue hardship on Lutheran Social Ministries of Maryland as we strive to provide a safe place for residents to live and team members to work. As a result, your request for exemption from receiving COVID-19 vaccines and influenza vaccine is denied.*

*While your request for exemption from the COVID-19 vaccine was approved earlier this year, circumstances have since changed. Since those early days, most religions now actively encourage their members to receive the vaccine against COVID-19. Maryland's Department of Health now requires those who work in skilled nursing facilities like ours to be vaccinated, and the Occupational Safety and Health Administration (OSHA) has introduced vaccine requirements for large employers like LSMMD. As variants to the disease continue to emerge, it is apparent that COVID-19 will be with us for the foreseeable future. We expect the need for additional booster shots as antibodies diminish over time and variants continue to emerge.*

*As an organization we have experienced many resident deaths and team member illnesses due to the virus. We took the step to mandate the inoculations prior to the widespread availability of the vaccine because we know it's the only way to provide some layer of protection for our residents and team members. We owe it to them to do everything we can to keep them safe.*

*We hope you make the decision to receive the vaccines against COVID-19 and the annual flu vaccine. You will have until 12/24/21 to receive the vaccine against influenza. If you receive that vaccine, you must receive the first dose of the COVID-19 vaccine by January 15, 2022. You will then be required to show proof of subsequent doses of the vaccine at the medically recommended points in time. If you do not receive the vaccines as described, you will be placed on a short-term Leave of Absence of 30 days, after which you will be removed from our payroll."*

10. The Plaintiff replied with the following statement:

*"Hi Suzy, Thank you for the updated information. I'm sorry, but a few months time and the COVID-19 has not change my sincerely held religious beliefs. My religious leaders still support the decision to decline the COVID-19 vaccination, as murdering unborn children for scientific research is still considered immoral, unethical, and unconscionable. I have additional documentation to support the decision.*

*My request for an accommodation for a religious beliefs still stands. Denying me this religious exemption is denying me my civil liberties. I will not hesitate to file grievances with the Maryland Civil Rights and EEOC as I have done with another company that was discriminatory.*

*Thank you,"*

11. The Plaintiff received the with the following reply from The Defendant:

*"Hi Cara – We understand and appreciate that your stance and request remains the same. We continue to believe that our decision is the best for residents and team members as we strive to save lives and preserve health. Because of this, our response to your request as described in the letter we sent to you on 12/20/21 also remains the same."*

12. And

*"Hi Cara – As described in our letter to you dated December 20, 2021 (attached), we hope you will receive the annual flu vaccine now and the first vaccine against COVID-19 by January 15, 2022. If you decide against receiving the vaccines, you will be placed on a short-term unpaid Leave of Absence of 30 days. If you have not received vaccines by the end of the Leave of Absence you will be removed from our payroll on February 15, 2022."*

13. The Defendant failed to accommodate The Plaintiff's religious exemption

request, although they had previously accepted and accommodated it. The

Defendant's previous accommodation was in compliance with the US

Goverment's Centers for Medicare & Medicaid Services guidelines at time, as

quoted on their official website,

(https://www.cms.gov/newsroom/press-releases/biden-harris-administration-issue

s-emergency-regulation-requiring-covid-19-vaccination-health-care), where

paragraph 4 of that page states:

*"The regulation also **provides for exemptions based on recognized medical conditions or religious beliefs, observances, or practices**. Facilities **must develop a similar process or plan for permitting exemptions in alignment with federal law**." [emphasis added]*

14. Because of The Plaintiff's sincerely held religious beliefs, she was and is still

    unable to get the COVID-19 vaccine. Because of this, the Defendant, the

    Lutheran Village at Miller's Grant terminated The Plaintiff's employment on the

    date of February 15th, 2022. Additionally, The Defendant attempted in mailed

    correspondence with The Plaintiff to manipulate the narrative to make it appear

    as though The Plaintiff had voluntarily resigned from the position by stating in

    correspondence *"we must assume that you have resigned your position"*. The

    Plaintiff made it clear that she wished to continue her employment; however, she

    was terminated against her will. The Plaintiff responded to this underhanded

    attempt from The Defendant with the following:

*"I just received a letter in the mail regarding my employment status at Miller's Grant. In the letter, you state that "we must assume that you have resigned your position with Lutheran Social Ministries of Maryland effective February 15, 2022."*

*I need to clarify with you in writing for legal purposes that I did not resign out of my position as an occupational therapist at your facility. The letter you sent dated February 15, 2022 completely misrepresents my case. Rather, I was terminated from that position despite the religious accommodation forms & supporting documentation that I had provided supporting my ineligibility for the COVID-19 vaccination.*

*The Lutheran Social Ministries of Maryland failed to accommodate my religious accommodation request, inferring that my sincerely religious held beliefs were invalid by stating "most religions now actively encourage their members to receive the vaccine against COVID-19" (as stated in the letter you sent dated December 20th, 2021); whereas, as you saw in the documentation I provided, my pastor clearly signed the supporting documentation against receiving the vaccine; therefore, making the decision very secure.*

*Please understand that my religious beliefs are very sincere and important to me. I take them very seriously and hold them in the highest regards. Please continue to represent this case with honesty, as the decision to leave the Lutheran Social Ministries of Maryland was clearly not a decision I made; rather, one of the management. I have*

*never in the past suggested resigning, have been a loyal employee for over three years, and have been in constant contact with my manager requesting hours at your facility.*

*Over the years of my employment at the Lutheran Social Ministries of Maryland, I have worked several shifts each week, giving my time and energy to help each resident. Whether or not you choose to be honest about the nature of my termination, it still strongly represents a negative employment action against me as a result of my request for a religious exemption. My request for investigation by the EEOC will continue. Thank you,"*

15. Copies of the above correspondence are attached as "Exhibit C".

16. The Plaintiff filed grievances with the EEOC. The EEOC has concluded their investigation with no finding, providing The Plaintiff a "Right to Sue" document, "Exhibit A". Around the same time as the above events, The Plaintiff has filed requests for religious accommodations with various other medical companies in skilled nursing facilities for the COVID-19 vaccination, all of which have granted her religious exemption, allowing her to continue employment by following their specified regulations and wearing PPE protocol.

17. As a result of her termination at the Lutheran Village at Miller's Grant, The Plaintiff's income has significantly decreased and her family has suffered the hardships that come with reduced income. The Plaintiff has experienced great emotional and mental pain and suffering as a result of having her civil rights to freely practice her religion violated by The Defendant. The Plaintiff was unlawfully terminated for requesting religious accommodation to an employment policy; an accommodation that was previously granted by that same employer, and is still being granted by other companies. This accommodation was represented to be an "undue hardship" by The Defendant. However, all of the hardship associated with the accommodation would be entirely borne by The Plaintiff. The

accommodation that The Plaintiff requested would involve her donning additional Personal Protection Equipment, taking self-administered COVID tests, and maintaining additional distance from other staff members. As The Plaintiff only would work at The Defendant's facilities after testing negative for COVID-19, the purported increased risk of contracting the disease would be borne entirely by The Plaintiff. At the time, The Defendant was requiring all staff to take weekly tests and wear additional PPE regardless of vaccination status.

18. To fail to accommodate The Plaintiff's religious exemption based on its "undue hardship" when her request did not require the company to actually have to make any change at all shows the weakness of their position. Their further claims of undue hardship is accompanied by a suggestion that the accommodation "*could create a higher risk of the spread of COVID-19*". The Plaintiff recognizes that this court is not the place to determine the scientific soundness of these claims, so it is reiterated that The Plaintiff's exemption requests were initially approved by The Defendant, and that identical religious accommodations were and still are approved for The Plaintiff by Genesis Rehabilitation, Communicare Health, Bayada Home Health, and HomeCall of Frederick. The overwhelming majority of The Defendant's peers overwhelmingly approve of The Plaintiff's accommodation request, demonstrating it highly unlikely that the accommodation brings undue hardship upon an employer in this occupational field. Rather, it is The Plaintiff's position that The Defendant was unwilling to grant the accommodation due to The Plaintiff's religious beliefs being different or in opposition to those held by other employees of The Defendant.

19. The Plaintiff's requests for religious accommodation from vaccine policies have been consistent through time (even before the COVID pandemic), backed by her religious leaders, fellow members of her religion and community, and by her religious texts. It is The Plaintiff's position that her termination from The Defendant's employ at Lutheran Village at Miller's Grant was a clear violation and an unlawful employment practice based on Title VII of the Civil Rights Act of 1964 (SEC. 2000e-2. [Section 703]). The Plaintiff's request to practice her religion, remain employed, all while taking the recommended additional steps to ensure the health and safety of her coworkers and clientele at Lutheran Village at Miller's Grant represented a 'De Minimis' Burden on The Defendant.

WHEREFORE, Plaintiff Cara Elizabeth Liberto Dodson, respectfully requests that this Court enter judgment of $75,000 against the Defendant in order to provide the following relief:

A. Award actual damages, including appropriate amounts of front pay from the date of termination.
B. Award compensation for religious discrimination, retaliatory reduction of hours, and wrongful termination.
C. Award court costs and compensation for the time the Plaintiff spent preparing and filing this complaint at a reasonable rate.
D. Grant any and all appropriate relief, which the Court deems necessary and appropriate.