UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CARA ELIZABETH LIBERTO DODSON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-23-169 |
| **THE LUTHERAN VILLAGE AT MILLERS GRANT, INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff Cara Elizabeth Liberto Dodson initiated the above-captioned action on January 3, 2023, asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), based on allegations that Defendant The Lutheran Village at Millers Grant, Inc. (Lutheran Village) refused to reasonably accommodate her bona fide religious belief and then terminated her employment. ECF No. 1. Pending before the Court is Lutheran Village's Motion to Dismiss or, in the Alternative for Summary Judgment. ECF No. 37. The issues are fully briefed (ECF Nos. 37 and 38), and a status conference was held on July 29, 2024, to discuss issues related to the pending motion and the status of the case. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Lutheran Village's motion is denied without prejudice to renew its motion for summary judgment after the close of discovery.

**I.      Background**

Ms. Dodson pleads one count of religious discrimination in violation of Title VII in the Complaint. ECF No. 1 at 4-5.[1] Specifically, she alleges that she experienced discrimination based on her religion (Christianity), which included termination of her employment. *Id.* at 5. In

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

her prayer for relief, Ms. Dodson seeks "compensation of lost wages, violation of civil rights, time and costs associated with the lawsuit, and for any mental, physical and emotional suffering throughout the entire process." *Id.* at 7.

According to the allegations in the Complaint, at all relevant times, Ms. Dodson worked for Lutheran Village, a retirement community, from 2018 to 2022.[2] ECF No. 1 at 9-10, ¶ 5. In 2020, Lutheran Village issued policies regarding the spread of the Coronavirus Disease 2019 (COVID-19). *Id.* In response, Ms. Dodson sought an exemption for the Influenza and COVID-19 vaccines based on her "sincerely held religious beliefs." *Id.* at ¶ 6. She provided signed statements from her religious leadership and "other members of her religion" in support of her request. *Id.* Lutheran Village granted Ms. Dodson's request and allowed her to work with accommodations. *Id.*

In September 2021, Lutheran Village issued "another policy stating that all staff were required to get the COVID-19 vaccination." *Id.* at 11, ¶ 8. Once again, Ms. Dodson requested an exemption and provided documentation supporting her sincerely held religious beliefs, including statements from her religious leadership. *Id.* On December 20, 2021, Lutheran Village's Vice President of Human Resources issued Ms. Dodson a letter denying her request. *Id.* at 12, ¶ 9; ECF No. 1-4. The letter stated that granting an exemption from the Influenza and COVID-19 vaccines would increase the risk of disease transmission to residents and staff, thus creating an undue hardship on Lutheran Village. ECF No. 1 at 12, ¶ 9. Citing that "most religions now actively encourage their members" to get the COVID-19 vaccine, the letter stated that circumstances had changed since Ms. Dodson's initial exemption approved earlier that year. *Id.*

---

[2] This factual summary is drawn from the allegations in the Complaint (ECF Nos. 1 – 1-9), which are accepted as true for the purposes of deciding this motion. *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Belmora LLC* v. *Bayer Consumer Care AG*, 819 F.3d 697, 702 (4th Cir. 2016).

The letter provided Ms. Dodson almost one month to obtain the (initial) doses of the vaccines, after which she would be "placed on a short-term Leave of Absence of 30 days" and then removed from payroll if she declined to comply. *Id.*

Ms. Dodson objected to the basis for Lutheran Village's denial and requested that it reevaluate its decision, stating that "[m]y religious leaders still support the decision to decline the COVID-19 vaccination, as murdering unborn children for scientific research is still considered immoral, unethical, and unconscionable." *Id.* at 13, ¶ 10. After follow-up from Ms. Dodson, Lutheran Village acknowledged her request for reevaluation but stated that because "we strive to save lives and preserve health," its position in the December 20, 2021 letter remained the same. *Id.* at ¶ 11. When Ms. Dodson inquired into whether she was being terminated, Lutheran Village reiterated that she had until January 15, 2022, to obtain the Influenza and COVID-19 vaccines or risk being placed on a 30-day unpaid leave of absence and removed from payroll on February 15, 2022. *Id.* at ¶ 12; ECF No. 1-4 at 1-2. Ms. Dodson continued to decline to obtain the Influenza and COVID-19 vaccines because of her sincerely held religious beliefs. ECF No. 1 at 14, ¶ 14. On February 15, 2022, Lutheran Village sent Ms. Dodson a letter expressing its understanding that she had resigned in lieu of being vaccinated. *Id.*; ECF No. 1-4. Ms. Dodson emailed Lutheran Village to clarify her understanding that Lutheran Village had terminated her employment. ECF Nos. 1 at 14, ¶ 14; 1-4 at 8.

In her Complaint, Ms. Dodson attached as exhibits her United States Equal Employment Opportunity Commission (EEOC) Determination and Notice of Rights (ECF No. 1-2), vaccine exemption forms (ECF No. 1-3), email correspondence with Lutheran Village and related letters (ECF No. 1-4), and a religious exemption statement (ECF No. 1-5). The religious exemption statement asserts, among other things, that "[t]he Plaintiff is opposed to receiving the COVID-19 vaccine and other vaccines that use aborted fetal tissue." ECF No. 1-5 at 1.

**II.     Standard of Review**

Defendant Lutheran Village moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, moves for summary judgment pursuant to Rule 56(a).[3]  Rule 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

It is fundamental that the "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."  *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted).  When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  The same does not hold true for legal conclusions.

---

[3] While Lutheran Village styles its filing as a motion to dismiss under Rule 12(b)(6), it is more accurately described as a motion for judgment on the pleadings under Rule 12(c).  Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); *see also* Fed. R. Civ. P. 12(h)(2)(B) (the defense of failure to state a claim upon which relief may be granted may be raised by a motion under 12(c)).  The Court applies the same standard to Rule 12(c) motions as it does to Rule 12(b)(6) motions.  *Massey* v. *Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014).

*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations.  *A Soc'y Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient. *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Ordinarily a court may not consider matters outside the pleadings when reviewing a motion to dismiss without converting it into a motion for summary judgment. *United States ex rel. Oberg* v. *Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); Fed. R. Civ. P. 12(d).  The Court must, however, consider the entirety of the complaint when reviewing a motion to dismiss, including documents "incorporated into the complaint by reference" and those attached as exhibits. *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c).  Thus, when a document is attached as an exhibit to the complaint and "the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines* v. *Valley Cmty.*

5

*Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). Ms. Dodson's complaint summarizes and quotes many of the attached Exhibits, including her requests for a religious exception from vaccination, correspondence with Lutheran Village, and a religious exemption statement. ECF Nos. 1; 1-3 – 1-5. Because these documents are attached to the Complaint and Ms. Dodson has adopted their contents, the Court will consider the Exhibits to the Complaint without converting Lutheran Village's motion into one for summary judgment.

### III.     Discussion

Lutheran Village advances three arguments in support of its motion: (1) that the Complaint is untimely; (2) that Ms. Dodson has not adequately pleaded a Title VII religious discrimination claim; and (3) that granting Ms. Dodson's request for an exemption from the COVID-19 vaccination would have created an undue hardship for Lutheran Village. ECF Nos. 37 at 1-2, 37-1 at 1. Each argument is addressed in turn below.

#### A.     Timeliness

Lutheran Village first argues that Ms. Dodson initiated this civil action more than 90 days after the EEOC issued her a right-to-sue letter. ECF No. 37-1 at 6-7. The EEOC right-to-sue letter was issued on September 28, 2022. ECF No. 1-2. Although the Court's CM/ECF system indicates that Ms. Dodson filed her Complaint on January 3, 2023, the face of the Complaint and the mailing envelope are stamped as having been received by the Court on December 15, 2022, which is within the 90-day period.[4] ECF No. 1-9. This argument is therefore unavailing.

#### B.     Sufficiency of the Allegations

Lutheran Village contends that Ms. Dodson has not adequately pleaded a claim of religious discrimination because she has not identified her subjective religious belief and how it

---

[4] The filing receipt reflects that the filing fee was processed on December 16, 2022. ECF No. 1-8.

6

is connected to her objection to the COVID-19 and Influenza vaccines. ECF No. 37-1 at 7-8. Because Ms. Dodson has met the "low bar" of pleading a bona fide religious belief, the motion to dismiss will be denied on this ground as well. *See Niederberger* v. *Wegmans Food Markets, Inc.*, Civil Action No. JKB-23-2759, 2024 WL 2866609, at *4 (D. Md. June 6, 2024).

Title VII makes it unlawful for an employer, among other things, "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). This "requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" *Groff* v. *DeJoy*, 600 U.S. 447, 453-454 (2023) (quoting 78 Stat. 253, as amended, 42 U.S.C. § 2000e(j)). To establish a prima facie reasonable accommodation violation, "an employee must prove that: (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *United States Equal Emp. Opportunity Comm'n* v. *Consol Energy, Inc.*, 860 F.3d 131, 141 (4th Cir. 2017) (alteration in original) (internal quotation marks and citation omitted).

At the motion to dismiss stage, however, a plaintiff "need not establish a prima facie case of religious discrimination, but need only plausibly allege facts that allow the Court to infer that the elements of the cause of action are satisfied." *Shigley* v. *Tydings & Rosenberg LLP*, Civil Action No. JKB-23-2717, 2024 WL 2751117, at *3 (D. Md. May 29, 2024) (*Shigley II*) (internal citation omitted). "[T]he bar for pleading a Title VII religious discrimination claim is not a high one." *Shigley* v. *Tydings & Rosenberg LLP*, Civil Action No. JKB-23-2717, 2024 WL 1156613, at *5 (D. Md. Mar. 18, 2024). The pleading must only "identify a plaintiff's religion or explain how a plaintiff's objections are informed by a specific set of religious beliefs or practices." *Id.*

Ms. Dodson has done this.  In her Complaint, she identifies her religion as "Christianity" and articulates the basis of her objection to the COVID-19 vaccine as the alleged use of fetal cells in its development.  ECF No. 1 at 5 and 13, ¶ 10 ("My religious leaders still support the decision to decline the COVID-19 vaccination, as murdering unborn children for scientific research is still considered immoral, unethical, and unconscionable."); ECF No. 1-4 at 3-4 (same); ECF No. 1-5 at 1-2 ("The Plaintiff is opposed to receiving the COVID-19 vaccine and other vaccines that use aborted fetal tissue . . . . The Plaintiff is opposed to any scientific research or development that is enabled by the murder of unborn children.").

Courts in this District have found allegations of a religious objection to receiving the COVID-19 vaccine based on the use of aborted fetal tissue in the vaccine's development sufficient to state a prima facie claim.  *E.g.*, *Shigley II*, 2024 WL 2751117, at *4; *Hall* v. *Sheppard Pratt Health Sys., Inc.*, Civil Action No. ABA-22-3261, 2024 WL 1346837, at *4 (D. Md. Mar. 29, 2024); *Dean* v. *Acts Ret. Life Communities*, Civil Action No. GLR-23-1221, 2024 WL 964218, at *6 (D. Md. Mar. 6, 2024).  The cases on which Lutheran Village relies do not compel a different result as the pleadings in those actions did not contain any allegations of the plaintiffs' religion.  *E.g.*, *Menk* v. *MITRE Corp.*, Civil Action No. JRR-23-53, 2024 WL 327087, at *18 (D. Md. Jan. 29, 2024) ("Plaintiffs fail to allege what religion they practice or what subjective religious beliefs they maintain."); *Friend* v. *AstraZeneca Pharms. LP*, Civil Action No. SAG-22-03308, 2023 WL 3390820, at *3 (D. Md. May 11, 2023) ("Plaintiff's [complaint] makes no reference to any religious belief or basis for his exemption request.").  Lutheran Village also relies on *Ellison*, but in that case the district court denied a motion to dismiss as to a plaintiff (Mr. Ellison) whose allegations were similar to those of Ms. Dodson.  *Ellison* v. *Inova Health Care Servs.*, 692 F. Supp. 3d 548, 559 (E.D. Va. 2023).  On the other hand, the allegations of another plaintiff (Ms. Graham) were found to be insufficient because they were

8

limited to "a single conclusory statement." *Id*. at 560. While Ms. Dodson's Complaint is not a model of clarity, taken together, the Complaint and Exhibits plausibly allege facts that allow the Court to infer that the elements of her failure to accommodate claim are satisfied, which is all that is required at this stage of the case.

      **C.**     **Undue Hardship**

In the alternative, Lutheran Village moves for summary judgment on the grounds that accommodating Ms. Dodson's requested accommodation would cause it an undue hardship. ECF No. 37-1 at 10-12. To establish an undue hardship, "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Groff*, 600 U.S. at 470. A court evaluating an undue hardship defense "must apply the test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [an] employer." *Id*. at 470-471 (alteration in original) (internal quotation marks and citation omitted); *see also id*. at 475 (Sotomayor, J., concurring) ("Because the 'conduct of [a] business' plainly includes the management and performance of the business's employees, undue hardship on the conduct of a business may include undue hardship on the business's employees.") (alteration in original) (internal quotation marks and citation omitted).

Lutheran Village correctly notes that many different courts have found that a vaccine exemption and its impact on health and safety poses an undue hardship on employers. ECF No. 37-1 at 10-11 (collecting cases). As the *Groff* decision makes clear, however, undue hardship must be assessed on a case-by-case basis. And because it is a fact-bound question, it is better suited for resolution on summary judgment as opposed to a motion to dismiss. *Niederberger*, 2024 WL 2866609, at *4; *Dean*, 2024 WL 964218, at *6. Although Lutheran Village has moved

in the alternative for summary judgment, it has not supplied any evidence to support its undue hardship defense. Indeed, the parties indicated during the July 29, 2024 status conference that discovery is not yet complete and therefore any motion for summary judgment is premature. Lutheran Village may renew its motion for summary judgment once the factual record of this case is developed.

**IV.     Conclusion**

For the foregoing reasons, it is hereby ordered that Lutheran Village's Motion to Dismiss or, in the Alternative for Summary Judgment (ECF No. 37) is denied without prejudice to renew its motion for summary judgment after the close of discovery. A separate Order will follow.

Date: July 30, 2024                                              /s/
                                                                        Erin Aslan
                                                                        United States Magistrate Judge